# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAY JOSEPH JONES, | No. 2:20-cv-00838-TLN-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| COUNTY OF SACRAMENTO, a public entity; OFFICE OF THE PUBLIC DEFENDER OF COUNTY OF SACRAMENTO, an agency of the County of Sacramento; CONFLICT CRIMINAL DEFENDERS, an agency of the County of Sacramento; STEVEN M. GARRETT, an individual; TERESA HUFF, an individual; ROBERT SARIA, an individual; ALAN WHISENAND, an individual; KEN ROSENFELD, an individual; MICHAEL AYE, an individual; and DOES 1 through 10, Inclusive; | |
| Defendants. | |

This matter is before the Court pursuant to the following: (1) Defendants Michael Aye and Alan Whisenand's Motion to Dismiss (ECF No. 13); (2) Defendant Robert Saria's Motion to Dismiss (ECF No. 14); (3) Defendants County of Sacramento ("County"), Office of the Public Defender of County of Sacramento ("OPD"), and Conflict Criminal Defenders' ("CCD") Motion to Dismiss (ECF No. 24); and (4) Defendants Steven M. Garrett, Theresa Huff, and Ken Rosenfeld's Motion to Dismiss (ECF No. 25). Plaintiff filed oppositions to all foregoing motions

1

(ECF Nos. 15, 16, 26, 27), and the following Defendants filed a reply: (1) Aye and Whisenand (ECF No. 17); (2) CCD, County, and OPD (ECF No. 30); and (3) Garrett, Huff, and Rosenfeld (ECF No. 31). Having carefully considered the briefing filed by all parties, the Court hereby GRANTS all Defendants' motions.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was detained for fourteen years pending trial on the issue of whether he was a sexually violent predator ("SVP"). (ECF No. 1 at 2; ECF No. 1-1 at 2–3.) Plaintiff eventually filed a petition for writ of habeas corpus in the Sacramento County Superior Court "seeking dismissal of the matter for lack of speedy trial based on due process grounds." (ECF No. 1-1 at 2–3.) On September 4, 2018, the state court granted Plaintiff's habeas petition after finding Plaintiff's significantly prolonged pre-trial detention violated his right to due process. (ECF No. 1 at 10.) Plaintiff filed this civil rights action on April 23, 2020, seeking to recover from the defense attorneys who represented him in the criminal case, municipal entities, and the heads of those municipal entities under 42 U.S.C. § 1983 ("§ 1983"). (*Id.* at 1.)

### II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail*

*Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading

could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### III. ANALYSIS

Although Defendants bring four separate motions to dismiss, their arguments overlap significantly. The Court will first address the arguments from the individual defense attorneys who represented Plaintiff in his criminal case, then the arguments from the heads of OPD and CCD, and finally, the arguments from the municipal entities.

#### A. Aye, Whisenand, Saria, and Rosenfeld

Aye, Whisenand, Saria, and Rosenfeld were private attorneys appointed by CCD to represent Plaintiff in his criminal case. (ECF No. 1 at 7–9.) CCD operates as an "alternate" to OPD. (*Id.* at 4–5.) Each of the foregoing Defendants move to dismiss Plaintiff's constitutional claims against them on the grounds that they are not state actors under § 1983.

A § 1983 claim may only be asserted against a person "acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well-established that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *see Miranda v. Clark Cty.*, 319 F.3d 465, 468 (9th Cir. 2003); *White v. Fresno Cty. Pub. Def.*, No. 1:18-cv-01220-DAD-SKO, 2018 WL 5879819, at *4 (E.D. Cal. Nov. 7, 2018). However, the Supreme Court has left open the possibility that "a public defender . . . would act under color of state law while performing certain administrative and possibly investigative functions." *Polk*, 454 U.S. at 325. "Administrative functions" may include decisions related to hiring and firing and the allocation of resources. *See id.*; *see also Miranda*, 319 F.3d at 469.

Plaintiff neither alleges in the Complaint nor coherently argues in his oppositions that Aye, Whisenand, Saria, or Rosenfeld performed any administrative functions. Instead, Plaintiff contends the defense attorneys' deficient representation cannot be considered a "traditional" legal activity. (*See* ECF No. 15 at 18–19; ECF No. 16 at 16–19; ECF No. 26 at 12.) Plaintiff's argument is unpersuasive. In *Miranda*, the plaintiff brought a § 1983 action against his public defender after his criminal conviction was overturned. 319 F.3d at 468. Importantly, the Ninth

Circuit found the public defender acted "under the ethical standards of a lawyer-client relationship" and thus was not a state actor *regardless* of his deficient conduct. *Id.* Therefore, even assuming Aye, Whisenand, Saria, and Rosenfeld's representation was somehow deficient, they are not state actors to extent Plaintiff is challenging conduct that relates to their traditional role as defense counsel.[1]

Accordingly, the Court DISMISSES Plaintiff's claims against Aye, Whisenand, Saria, and Rosenfeld. The Court grants leave to amend to the extent Plaintiff can allege the individual attorneys violated his constitutional rights while performing administrative or investigative functions as set forth in *Polk*.

### B. Garrett and Huff

Plaintiff alleges Garrett was "Acting Public Defender [in Sacramento County] for all relevant times." (ECF No. 1 at 5.) As Acting Public Defender, Garrett was allegedly informed of Plaintiff's SVP proceedings, monitored the case, and was OPD's policymaker. (*Id.* at 5–7.) Plaintiff alleges Huff was the Executive Director of CCD and "charged with assigning cases to and overseeing the private criminal defense attorneys." (*Id.* at 7.) Garrett and Huff argue Plaintiff's allegations against them fail to state a claim. (ECF No. 25-1 at 8–9.) In opposition, Plaintiff argues paragraphs 55 and 56 of the Complaint adequately allege Garrett and Huff's customs and practices of constitutional violations. (ECF No. 26 at 13–14.) The Court will address the two cited paragraphs in turn.

First, paragraph 55 lists numerous allegations of "misconduct and professional failures" against all Defendants. (ECF No. 1 at 23–24.) None of the allegations are specific to Garrett or Huff. To the contrary, the allegations in paragraph 55 (such as failing to bring clients to court for hearings, failing to communicate with clients, and failure to obtain consent to continue hearing dates) seem to stem from the individual attorneys' conduct. (*Id.*) As already

---

[1] Plaintiff also argues Rosenfeld's representation was deficient due to a purported conflict of interest. (ECF No. 26 at 6–7, 18.) As with his arguments as to the other attorneys, however, Plaintiff fails to explain how such a conflict of interest qualifies as an administrative or investigative function rather than part of his traditional role as a defense attorney.

discussed, such conduct falls within a lawyer's traditional role and does not constitute state action under § 1983. Plaintiff does not argue that any of the allegations in paragraph 55 are administrative.

Second, paragraph 56 states as follows:

> Defendants [ ] participated in the creation of, acquiesced, and ratified the inordinate delay that Plaintiff as well as other SVP detainees were experiencing in the processing of cases such that cases were not being brought to trial on a timely basis. Said Defendants were aware of the customs and practices in the [OPD] and the [CCD] and which was the cause of the failure to bring Plaintiff's case and other SVP cases to trial.

(ECF No. 1 at 24–25.) Paragraph 56 is vague, conclusory, and insufficient to state a claim. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

Both the Complaint and Plaintiff's opposition lack clarity. As it is, the Court cannot discern a viable basis for Plaintiff's claims against Garrett and Huff. It is not the Court's job to sift through voluminous allegations to attempt to determine whether there may be a possible hidden cause of action. *Walker v. Bowler*, No. 5:17-cv-01687-AG-JC, 2018 WL 2392152, at *6 (C.D. Cal. May 24, 2018) (collecting cases) ("It is not the Court's responsibility to hunt through plaintiff's prolix and rambling allegations in an attempt to determine whether plaintiff might have some adequate basis for bringing an action in federal court."); *Cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Accordingly, the Court DISMISSES Plaintiff's claims against Garrett and Huff. The Court grants leave to amend to the extent Plaintiff can allege Garrett or Huff violated his constitutional rights while performing administrative or investigative functions.

C. County, OPD, and CCD

Plaintiff brings his second claim against the County, OPD, and CCD ("entity Defendants") for *Monell* liability under § 1983. (ECF No. 1 at 25–26.) In their motion to dismiss, entity Defendants argue Plaintiff's allegations are conclusory. (ECF No. 24-1 at 4–6.) Entity Defendants also argue Plaintiff "cannot establish that the alleged constitutional violations

6

were committed by municipal employees acting under color of state law or that these employees committed these alleged violations pursuant to a formal policy, custom, or practice." (*Id.* at 9.)

In opposition, Plaintiff directs the Court to paragraph 63 of the Complaint, which provides a list of "customs, policies, practices, and/or procedures." (ECF No. 27 at 12; ECF No. 1 at 26–28.) However, as with paragraph 55, paragraph 63 refers to the same actions of the individual attorneys in their representation of Plaintiff. (ECF No. 1 at 26–28.) These actions are traditional legal functions — not administrative or investigative functions.

The *Miranda* decision provides some guidance as to how Plaintiff may properly plead his *Monell* claims. In *Miranda*, the Ninth Circuit held the plaintiff's complaint stated a valid claim against a public defender's office based on two alleged policies: (1) "a policy of assigning the least-experienced attorneys to capital cases without providing any training"; and (2) a "policy that allocated resources to capital defendants based on whether they passed a polygraph test, providing defendants who passed the polygraph test with more experienced attorneys." 319 F.3d at 469–71. The Ninth Circuit explained that, in determining how office resources were to be spent, the public defender's office was performing an administrative role that "materially differ[ed] from the relationship inherent in a public defender's representation of an individual client." *Id.* at 469. In sum, the plaintiff in *Miranda* was able to point to specific and concrete administrative policies by the public defender's office that allegedly caused the constitutional violations. *Id.* at 469–71.

Here, although Plaintiff vaguely references administrative functions in paragraph 65 of the Complaint, he fails to develop any arguments as to paragraph 65 in his opposition. (*See* ECF No. 1 at 28–29.) Indeed, Plaintiff's opposition as whole lacks clarity, contains incomplete sentences, and fails to provide crucial citations to case law. As with the foregoing claims, the Court cannot discern a viable basis for municipal liability.

Accordingly, the Court DISMISSES Plaintiff's claims against the County, OPD, and CCD with leave to amend.

///

///

## IV. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendants' Motions to Dismiss (ECF Nos. 13, 14, 24, 25) with leave to amend. Plaintiff may file an amended complaint not later than thirty (30) days from the date of electronic filing of this Order. Defendants' responsive pleading is due twenty-one (21) days after Plaintiff files an amended complaint.

IT IS SO ORDERED.

DATED: June 29, 2021

Troy L. Nunley
United States District Judge