UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAY JOSEPH JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, a public entity; OFFICE OF THE PUBLIC DEFENDER OF COUNTY OF SACRAMENTO, an agency of the County of Sacramento; CONFLICT CRIMINAL DEFENDERS, an agency of the County of Sacramento; STEVEN M. GARRETT, an individual; TERESA HUFF, an individual; ROBERT SARIA, an individual; ALAN WHISENAND, an individual; KEN ROSENFELD, an individual; MICHAEL AYE, an individual; and DOES 1 through 10, Inclusive;<br><br>    Defendants. | No.  2:20-cv-00838-TLN-CKD<br><br>**ORDER** |

This matter is before the Court pursuant to Defendants Michael Aye and Alan Whisenand's Motion to Dismiss (ECF No. 36-1); and Defendants County of Sacramento ("County"), Office of the Public Defender of County of Sacramento ("OPD"), Conflict Criminal Defenders ("CCD"), Steven M. Garrett, Teresa Huff, Robert Saria, and Ken Rosenfeld's

(collectively, "Defendants"[1]) Motion to Dismiss (ECF No. 37-1).  Plaintiff filed oppositions (ECF Nos. 39, 40), and Defendants filed replies (ECF Nos. 42, 43).  Having carefully considered the briefing filed by all parties, the Court hereby GRANTS Defendants' motions with leave to amend.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was detained for fourteen years pending trial on the issue of whether he was a sexually violent predator ("SVP").  (ECF No. 34 at ¶¶1, 48.)  Plaintiff eventually filed a petition for writ of habeas corpus in the Sacramento County Superior Court seeking dismissal of the matter for lack of speedy trial based on due process grounds.  (*Id.* at 2.)  On September 4, 2018, the state court granted Plaintiff's habeas petition after finding Plaintiff's significantly prolonged pre-trial detention violated his right to due process.  (*Id.*)  Plaintiff filed this civil rights action on April 23, 2020, seeking to recover from the defense attorneys who represented him in the criminal case, municipal entities, and the heads of those municipal entities under 42 U.S.C. § 1983 ("§ 1983").  (ECF No. 1.)  Defendants filed motions to dismiss which were granted on June 30, 2021.  (ECF Nos. 24, 25, 33.)  Plaintiff filed a First Amended Complaint ("FAC") on July 28, 2021.  (ECF No. 34.)  Defendants filed the instant motions to dismiss on August 13, 2021, and August 16, 2021.  (ECF Nos. 36, 37.)

### II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified notice pleading standard relies on liberal

---

[1] The Court refers to all Defendants collectively, and will note when referring to specific Defendants.

1  discovery rules and summary judgment motions to define disputed facts and issues and to dispose
2  of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

3  On a motion to dismiss, the factual allegations of the complaint must be accepted as true.
4  *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every
5  reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail*
6  *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege
7  "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to
8  relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

9  Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of
10 factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).
11 While Rule 8(a) does not require detailed factual allegations, "it demands more than an
12 unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A
13 pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
14 elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678
15 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
16 statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences
17 are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355
18 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the
19 plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws
20 in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*
21 *Council of Carpenters*, 459 U.S. 519, 526 (1983).

22 Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
23 facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim
24 has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
25 reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
26 680. While the plausibility requirement is not akin to a probability requirement, it demands more
27 than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility
28 inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. V. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).  Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III.   ANALYSIS[2]

Plaintiff brings two claims against Defendants under 42 U.S.C. § 1983: (1) deliberate indifference to his constitutional violations against the individually named Defendants; and (2) municipal liability for constitutional violations.  (*See* ECF No. 34.)  To prevail under § 1983, a plaintiff must plead and prove facts showing that the defendant (1) acted under color of law, and (2) violated a federally protected right.  *Baker v. McCollan*, 443 U.S. 137, 147 (1979).  A § 1983 claim may only be asserted against a person "acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[2] Defendants bring two separate motions to dismiss.  However, the arguments overlap significantly and thus the Court will address them together.  The Court will note when arguments are specific to a particular motion.

4

Defendants oppose the motions arguing: (1) Defendants Aye, Whisenand, Saria, and Rosenfeld were not state actors or acting under the color of state law; (2) Plaintiffs allegations against Defendants Garrett and Huff were vague and conclusory; and (3) Plaintiff's claims for municipal liability fail because Plaintiff failed to allege a custom or policy.  The Court will address each argument in turn.

### A. Defendants Aye, Whisenand, Saria, and Rosenfeld

Plaintiff brings his first claim against Defendants Aye, Whisenand, Saria, and Rosenfeld for "deliberate indifference causing violation of constitutional rights." (ECF No. 34. at 21.)  Each of the foregoing Defendants move to dismiss Plaintiff's constitutional claims against them on two grounds: (1) Defendants are not state actors under § 1983; and (2) Plaintiff cannot show causation of harm because of Defendants' actions.  (ECF Nos. 36-1 at 10, 21; 37-1 at 6.)

#### *i. State Actors*

Plaintiff alleges Defendants Aye, Whisenand, Saria, and Rosenfeld were private attorneys appointed by CCD to represent Plaintiff in his criminal case.  (ECF No. 34 at ¶¶17–21.)  CCD operates as an "alternate" to OPD.  (*Id.* at 4.)  Plaintiff argues Defendants' actions amounted to a state action by a private actor.  (ECF No. 40 at 19–20.)

It is well-established that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see Miranda v. Clark Cnty.*, 319 F.3d 465, 468 (9th Cir. 2003); *White v. Fresno Cnty. Pub. Def.*, 2018 WL 5879819, at *4 (E.D. Cal. Nov. 7, 2018).  The Court will address whether Plaintiff pleaded sufficient facts to show Defendants were state actors by addressing: (1) whether Plaintiff pleaded Defendants performed administrative or investigative functions sufficient to allege they were state actors; (2) whether Plaintiff pleaded facts sufficient to satisfy the state actor test; and (3) whether Plaintiff's case law argument has merit.

##### a. Administrative Function

The Supreme Court has left open the possibility that "a public defender . . .would act under color of state law while performing certain administrative and possibly investigative

5

1   functions." *Polk*, 454 U.S. at 325.  "Administrative functions" may include decisions related to

2   hiring and firing and the allocation of resources.  *See id.*; *see also Miranda*, 319 F.3d at 469.

3   "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same

4   question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of

5   federal rights fairly attributable to the [government]?"  *Sutton v. Providence St. Joseph Med. Ctr.*,

6   192 F.3d 826, 835 (9th Cir. 1999) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

7        Plaintiff neither alleges in the FAC nor argues in his oppositions that Defendants Aye,

8   Whisenand, Saria, or Rosenfeld performed any administrative or investigative functions.  Despite

9   the Court's previous order granting Defendants' Motions to Dismiss with leave to amend "to the

10  extent Plaintiff can allege individual attorneys violated his constitutional rights while performing

11  administrative or investigative functions as set forth in *Polk*," Plaintiff did not allege any

12  additional facts to this end.  (ECF No. 33 at 5.)  Plaintiff also fails to allege that these private

13  attorneys carried out any administrative or investigative functions.

14                              b.   State Actor Tests

15      The Ninth Circuit has recognized "four different criteria, or tests, used to identify state

16  action," the satisfaction of any one of which "is sufficient to find state action, so long as no

17  countervailing factor exists."  *Garnier v. O'Connor-Ratcliff*, 41 F.4th 1158, 1169 (9th Cir. 2022).

18  These tests include (1) public function; (2) joint action; (3) governmental compulsion or coercion;

19  and (4) governmental nexus.  *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

20       Defendants argue in their opposition that Plaintiff fails to allege enough facts to survive

21  any of the four tests used to identify state action by a private actor for the purposes of a § 1983

22  claim.  (ECF No. 36-1 at 14.)  Plaintiff has failed to provide allegations[3] or respond to arguments

23  regarding the public function, governmental compulsion or coercion, and governmental nexus

24  tests.  Accordingly, the Court declines to discuss these tests in detail.

25       At issue is the joint action test.  "Under the joint action test, [the Court] consider[s]

26  whether 'the state has so far insinuated itself into a position of interdependence with the private

---

[3] Plaintiff's conclusory allegations that Defendants and the state worked "in concert and jointly," (ECF No. 34 at ¶69) are insufficient to satisfy any of the tests.

6

entity that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior.'" *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995) (internal citations, brackets, and quotation marks omitted)). Joint action also "requires a substantial degree of cooperative action" where "private actors can be state actors if they are 'willful participant[s]' in joint action with the state or its agents." *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989) (citation omitted).

It is unclear to the Court what allegations, if any, Plaintiff makes to identify state action by Defendants. Plaintiff, citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941–42 (1982), appears to argue joint action only requires a party to invoke the aid of the state. (ECF Nos. 40 at 19–20; 39 at 17–18.) Plaintiff also appears to argue his allegations that the state court found a "joint effort by all Defendants which all contributed to the deprivations of petitioner's rights," are sufficient to allege such joint action. (ECF No. 39 at 17–18).

While the Court agrees that the joint action test only requires a private party to invoke the aid of the state, the private party still must be a willful participant. *Lugar*, 457 U.S. at 941–42. Plaintiff has not sufficiently alleged this. Plaintiff's reference to the state court's finding that the record "demonstrates an understanding between the state actors involved that defendants like petitioner can be ignored and their cases prolonged without justification," (ECF No. 34 at ¶ 68) is insufficient to allege Defendants were willful participants sufficient to establish joint action. First, nowhere in the FAC does Plaintiff allege the state court used the phrase "joint effort," and it does not appear Plaintiff alleges the state court made this finding elsewhere. (ECF No. 34 at ¶ 68.) Second, Plaintiff alleges the state court refers to "state actors" but fails to allege who these state actors are. (*Id.*) The Court finds Plaintiff's allegations are inferential and not specific enough to find that Plaintiff sufficiently alleged Defendants are those state actors. Third, Plaintiff's additional claims regarding willful participation of Defendants and the state are conclusory. Plaintiff only states Defendants "acted in concert and jointly" and fails to allege specific facts to support willful participation or a substantial degree of cooperative action. (*Id.* at ¶ 69.) Accordingly, Plaintiff fails to allege enough facts to establish joint action.

a. Other cases

Though not entirely clear to the Court, it appears Plaintiff argues that Defendants' actions qualify as state action under the reasoning set forth in *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614 (1991), *Georgia v. McCollum*, 505 U.S. 42 (1992), and *Miranda v. Clark County, Nevada*, 319 F.3d 465 (9th Cir. 2003). Specifically, Plaintiff argues in his oppositions that "when a defense attorney's actions are designed to detrimentally impact a defendant's right to a jury trial, there is state action." (ECF No. 39 at 11; ENF No. 40 at 14.) Plaintiff argues the precedents established by *Leesville*, *McCollum*, and *Miranda* provide a framework to find state action outside the four established tests.

Plaintiff first argues caselaw establishing peremptory challenges as state action is applicable to defense attorneys requesting trial continuances, and thus requesting trial continuances is state action. (ECF Nos. 39 at 11–17; 40 at 14–19.) In their reply, Defendants argue that peremptory challenges involve much more government assistance than trial continuances such that peremptory challenge caselaw is not applicable to the present case; and therefore, trial continuances are not state action. (ECF No. 43 at 4.)

In *Leesville*, which is followed by *McCollum*, the Court concluded that the defense attorney's use of peremptory challenges was considered a state action. *Leesville*, 500 U.S. at 622; *See McCollum*, 505 U.S. at 50–51. The use of peremptory challenges was considered a state action in part, because, peremptory challenges arise from statutory provisions, administered solely by government officials, such as the trial judge, "who exercises substantial control over *voir dire* and effects the final and practical denial" of an individual's participation in the jury, "a quintessential governmental body[] having no attributes of a private actor." *Leesville*, 500 U.S. at 614–15, 624. Sometimes "the judge, who beyond all question is a state actor," . . . "conducts the entire *voir dire* by themselves." *Id.* at 623–24.

Plaintiff argues "like peremptory challenges, . . . the ability to obtain a trial date and take a case to trial involves the close participation of the Court." (ECF No. 39 at 13–14.) Plaintiff offers little else to explain how else this reasoning is analogous. The Court finds this argument unpersuasive because, under this reasoning *anything* involving the court would be considered

8

1  state action.  This is not the case.  The Supreme Court made an exception to the rule in finding
2  peremptory challenges amount to state action because of their clear, significant government
3  involvement and role in the creation of a jury.  Plaintiff has not alleged enough facts that
4  Defendants "made extensive use of government procedures with the overt, significant assistance
5  of the government" to amount to a similar exception as in *Leesville*.  *Leesville*, 500 U.S. at 614.

6  Next, Plaintiff claims that under *Miranda*, "the Court found that the public defender was a
7  state actor when their actions resulted in acts that were anathema to the right of representation."
8  (ECF No. 39 at 15.)  Thus, Plaintiff argues, Defendants are state actors because Defendants
9  denied Plaintiff adequate representation.  (*Id.* at 16.)  Plaintiff misstates the holding of *Miranda*.
10 There, the court held that the defense attorney was performing his traditional role as a defense
11 attorney and found that the defense attorney was *not* a state actor.  *Miranda*, 319 F.3d at 468.  The
12 Court finds Plaintiff's arguments regarding the three cases unpersuasive and finds Plaintiff has
13 failed to allege Defendants' actions constitute state action.

14 Because Plaintiff fails to allege that Defendants were state actors acting under the color of
15 law, the Court will not address the second prong necessary to plead a § 1983 claim.  Accordingly,
16 the Court DISMISSES Plaintiff's claims against Aye, Whisenand, Saria, and Rosenfeld.  The
17 Court grants leave to amend to the extent that Plaintiff can allege a factual basis to show
18 Defendants acted under the color of state law.

19                      B.  Defendants Garrett and Huff

20 Plaintiff alleges Garrett was "Acting Public Defender [in Sacramento County] for all
21 relevant times."  (ECF No. 34 at ¶11.)  As Acting Public Defender, Garrett was allegedly
22 informed of Plaintiff's SVP proceedings, monitored his case, and was OPD's policymaker.  (*Id.* at
23 ¶¶ 11–13.)  Plaintiff alleges Huff as the Executive Director of CCD was "charged with assigning
24 cases [] and overseeing the private criminal defense attorneys . . . ."  (*Id.* at ¶16.)  In their Motion
25 to Dismiss, Garrett and Huff argue Plaintiff "fails to assert specific facts that show Huff and
26 Garrett caused Plaintiff's alleged constitutional deprivation."  (ECF No. 37-1 at 8.)  In opposition,
27 Plaintiff argues that Defendants "knew" about the constitutional deprivations and did not do
28 anything about it.  (ECF No. 40 at 24.)

Plaintiff fails to provide much argument to support his opposition to dismiss the claims against Garrett and Huff. Plaintiff argues Garrett "can be deemed to know that Plaintiff was not receiving the legal representation that he was entitled to." (ECF No. 40 at 24.) Plaintiff also argues Huff "knew that counsel were being appointed for Plaintiff were not doing their job and had known conflicts of interest which should have prevented their appointments." (*Id.* at 24.) In his FAC, Plaintiff alleges that Defendants "participated in the creation of, acquiesced, and ratified inordinate delays . . ." and were "aware" of these delays. (ECF No. 34 at ¶59.)

Plaintiff's allegations in his FAC are vague, conclusory, and insufficient to state a claim. Plaintiff fails to allege specific facts about Defendants' knowledge of these claims. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."). As Defendants argue in their reply, Plaintiff also fails to state specific facts as to each individual Defendant's causal role in the constitutional deprivation as required by a § 1983 claim. (ECF No. 37-1 at 9); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Accordingly, the Court DISMISSES Plaintiff's claims against Garrett and Huff. The Court grants leave to amend to the extent that Plaintiff can allege specific facts about Defendants' knowledge of the aforementioned claims and state specific facts as to each individual Defendant's causal role in the constitutional deprivation as required by a § 1983 claim.

### C. Defendants County, OPD, CCD

Plaintiff brings his second claim against the County, OPD, CCD, ("Entity Defendants") for *Monell* liability under § 1983. (ECF No. 34 at 27.) Entity Defendants move to dismiss Claim Two arguing that Plaintiff's allegations are conclusory, and the alleged incident is too isolated and sporadic to be deemed an improper custom. (ECF No. 37-1 at 8–10.) In opposition, Plaintiff argues the "10 year history of deliberate indifference to Plaintiff's situation" that is listed out in the FAC "do[es] not set forth circumstances that occurred on one occasion." (ECF No. 40 at 23.) Plaintiff appears to argue that this "10 year history" is so lengthy that it qualifies as a municipal custom or policy. (*Id.*)

Under the Supreme Court's decision in *Monell v. New York City Dept. of Social Servs.*,

436 U.S. 658, 689–91 (1977), a government entity may be held liable under 42 U.S.C. § 1983, but such liability must be founded upon evidence that the government unit itself supported a violation of constitutional rights and not on the basis of the *respondeat superior* doctrine or vicarious liability.

Municipal liability only attaches when execution of a government's policy or custom inflicts the plaintiff's injury. *See Monell*, 436 U.S. at 694; *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997). A "policy" is a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). A "custom" for purposes of municipal liability is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (internal citations and quotations omitted). The federal pleading rules for municipal liability state claims must identify the policy/custom, explain how the specific policy/custom was deficient, how the policy/custom caused plaintiff harm, and how the policy/custom amounted to deliberate indifference (i.e. how the deficiency was obvious and the constitutional injury was likely to occur). *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009).

Here, Plaintiff alleges in his FAC that the County, OPD, and CCD have several longstanding customs. Against all Entity Defendants, Plaintiff alleges Defendants violated Plaintiff's due process rights by "the delay of 14 years in bringing his case to trial." (ECF No. 34 at ¶66.) Plaintiff also alleges "[j]udges allowed continuances without requiring petitioner's counsel to show good cause for the continuance" and Sacramento County District Attorney "failed to object to the continuances or ask that petitioner's counsel make a good cause showing for continuances."[4] (*Id.*) Against CCD and OPD, Plaintiff alleges Plaintiff's counsel "failed to set forth on the record any justification for the continuances and failed to demonstrate that any

---

[4] Plaintiff did not actually allege in his FAC that the judges and Sacramento County District Attorney were part of the County nor if their actions constituted county action.

1    progress had been made towards preparing the case for trial." (*Id.*)

2    Plaintiff further alleges that these narrower customs support an overarching custom: an
3    "institutional breakdown in the system, where the record demonstrates an understanding between
4    the state actors involved that defendants like petitioner can be ignored and their cases prolonged
5    without justification, e[s]pecially when they are not present before the trial court to assert their
6    rights or particular wishes regarding their causes." (*Id.* at 29.) Plaintiff further elaborates that
7    "these customs and practices, acquiesced in and by actions and omissions agreed to by all
8    Defendants resulted in criminal system where in fact, SVP detainees would be held
9    indeterminately, for a life term, without the Sacramento District Attorney's Office ever needing to
10   prove that they met the criteria of a sexually violent predator." (*Id.* at 30.)

11   First, the Court disagrees with Defendants' argument that these allegations are conclusory.
12   Each custom alleged points to actions taken by a specific person or entity and has a factual basis.
13   These allegations are not formulaic recitations of the elements of the claim. Plaintiff also defines
14   the overarching "institutional breakdown in the system" in narrower terms, complete with specific
15   customs and actions that the Entity Defendants have taken which make these customs plausible
16   on their face.

17   Second, addressing Entity Defendants' argument that these allegations are too isolated or
18   sporadic to be deemed an improper custom, "[l]iability for improper custom may not be
19   predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient
20   duration, frequency and consistency that the conduct has become a traditional method of carrying
21   out policy." *Trevino v. Gate*, 99 F.3d 911, 918 (9th Cir. 1996). The Ninth Circuit has held that a
22   single incident will not suffice to show a policy. *See Christie v. Iopa*, 176 F.3d 1231, 1235 (9th
23   Cir. 1999); *see, e.g.*, *B.T.H. by Hinton v. Cnty. of Modoc*, No. 20-CV-00566-JAM-DMC, 2020
24   WL 4804927, at *4 (E.D. Cal. Aug. 18, 2020) (suggesting that if the plaintiff had identified other
25   instances of the alleged custom or policy, the claim might have survived a motion to dismiss);
26   *Lesher v. City of Anderson*, 2021, No. 21-CV-00386-WBS-DMC, WL 5744691, at *3 (E.D. Cal.
27   Dec. 2, 2021) (noting that even where a policy or custom is adequately specified in a complaint,
28   the plaintiff must also "ordinarily" present a pattern or previous violations).

12

Defendants argue Plaintiff's allegations cannot amount to more than one instance as he is a single individual. (ECF No. 37-1 at 10.) Plaintiff, in opposition, appears to argue that 59 continuances over a ten-year period in his individual matter qualifies as more than one incident. (ECF No. 34 at 26; ECF No. 40 at 23.) However, neither party has provided the Court with any precedent or clarity as to conduct relating to a single individual — even over the course of a decade — amounts to a custom. The Court is unpersuaded by Plaintiff's argument and was unable to find any law supporting a theory that several instances over a span of time in one individual matter is sufficient to constitute a custom.[5]

Accordingly, The Court DISMISSES Plaintiff's claim for *Monell* liability through an adopted custom or policy with leave to amend.[6, 7]

///

///

///

///

///

///

---

[5] Upon its own research, the Court found several instances where courts in this district granted motions to dismiss because the plaintiffs similarly failed to identify other instances to demonstrate the policy. *See B.T.H. by Hinton v. Cnty. of Modoc*, 2020 WL 4804927, at *4 (E.D. Cal. Aug. 18, 2020) (granting motion to dismiss in part because plaintiff failed to allege other instances to demonstrate the alleged custom, policy, or practice); *Adams v. City of Redding*, 2021 WL 1985421, at *3 (E.D. Cal. May 18, 2021) (granting motion to dismiss because plaintiff failed to allege more than a single incident to indicate the existence of the alleged policy); *cf. Gonzalez v. Cty. of Merced*, 289 F. Supp. 3d 1094, 1101 (E.D. Cal. 2017) (denying motion to dismiss where plaintiff alleged several incidents of one person sexually harassing several other people, the supervisor admitted to knowledge of this conduct and did not do anything, and the supervisor also admitted to knowing that "shop talk" was a "common occurrence" at that municipality).

[6] The Court cautions Plaintiff that any amended filing must provide sufficient allegations that a custom or policy existed. The Court is unpersuaded that a single individual is a sufficient allegation, and notes that other language Plaintiff has provided is merely conclusory.

[7] Although the Court is not ruling based on these grounds, the Court notes that it appears that Plaintiff has not corrected the insufficiencies in its *Monell* claim against OPD and CCD since Plaintiff's first Complaint. Plaintiff has not alleged specific and concrete administrative policies by OPD or CCD that allegedly caused the constitutional violations. (ECF No. 33 at 7.)

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss (ECF No. 36-1, 37-1) with leave to amend.  Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing date of this Order.  Defendants shall file a responsive pleading not later than twenty-one (21) days after Plaintiff files an amended complaint.  If Plaintiff opts not to file an amended complaint, the Court will dismiss the action and close the case.

IT IS SO ORDERED.

**DATE: February 27, 2023**

_____
Troy L. Nunley
United States District Judge