LAW OFFICES OF GREG W. GARROTTO
Greg W. Garrotto, State Bar #89542
1925 Century Park East, Suite 2000
Los Angeles, California 90067
Telephone (310) 229-9200
Fax (310)229-9209
jjggarrotto@msn.com

Attorneys for Plaintiff
Clay Joseph Jones

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAY JOSEPH JONES,<br><br>      Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO, a public entity, OFFICE OF THE PUBLIC DEFENDER OF COUNTY OF SACRAMENTO, an agency of the County of Sacramento; CONFLICT CRIMINAL DEFENDERS, an agency of the County of Sacramento; STEVEN M. GARRETT, an individual; TERESA HUFF, an individual; ROBERT SARIA, an individual; ALAN WHISENAND, an individual; KEN ROSENFELD, an individual; MICHAEL AYE, an individual; DOES 1 through 10, Inclusive,<br><br>      Defendants.<br>_____ | CASE NO. 2:20-cv-00838-TLN-CKD<br><br>PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FILED ON BEHALF OF DEFENDANTS' ALAN WHISENAND AND MICHAEL AYE; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Courtroom: 2-15th Floor<br>Judge: Hon. Troy L. Nunley<br><br>Complaint Filed: 4/23/2020<br>Trial Date: None Set |

Plaintiff Clay Joseph Jones presents the following opposition to the Motion to Dismiss the Second Amended Complaint filed on behalf of Defendants Alan Whisenand and Michael Aye as follows:

## 1. INTRODUCTION

The Defendants, in their moving papers, would appear to be attempting to relitigate the factual findings that were made by the trial court during the habeas corpus proceeding using documents that are not subject to judicial notice by this Court.  Essentially, they are using their opposition as a defacto Motion for Summary Judgment without providing Plaintiff an opportunity to gather evidence on the relevant issues in this case; i.e. who was responsible for the delay of more than a decade in taking the SVP matter to trial.  Furthermore, Plaintiff questions whether a purposeful decade long delay can be considered "traditional" lawyer functions that would preclude a finding of state action on the part of the Moving Parties under <u>Polk County v Dodson </u>(1981) 454 <u>U.S.</u>312.   Finally, both Courts found that there was joint action by all the parties involved which resulted in the deprivation of Plaintiff's constitutional rights.

## 2.  THE PROPER SCOPE OF A RULE 12(b)(6) MOTION

In its consideration of a Rule 12(b)(6) motion, the court is generally limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose

PLAINTIFF'S OPP. TO MOT. TO
DISMISS BY DEF. WHISENAND AND
AYE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.  Lee v City of Los Angeles (9ᵗʰ Cir. 2001) (9ᵗʰ Cir. 2001) 250 F.3d 668, 688-89;  Branch v Tunnell (9ᵗʰ Cir. 1994) 14 F.3d 449, 453-454, overruling on other grounds recognized in Galbraith v County of Santa Clara (9ᵗʰ Cir. 2002) 307 F.3d 1119.  However,  "[a] court may [also] consider evidence on which the complaint 'necessarily relies' if (1) the complaint refers to the document, (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."  Marder v Lopez (9ᵗʰ Cir. 2006) 450 F.3d. 445.

The Trial Court in the habeas corpus matter made the following factual findings:

"The court finds that all the parties involved contributed to deprivations of petitioner's rights.  Judges allowed continuances without requiring petitioner's counsel to show good cause for the continuance.  Respondent failed to object to continuances or ask that petitioner's counsel make a good cause showing for continuances.  Petitioner's counsel failed to set forth on the record any justification for the continuances and failed to demonstrate that any progress had been made towards preparing the case for trial.  Petitioner's counsel appeared to simply

PLAINTIFF'S OPP. TO MOT. TO DISMISS BY DEF. WHISENAND AND AYE

accede to some of petitioner's wishes, without doing anything demonstrable to investigate and prepare the matter for trial."

"The prejudice to petitioner has been severe, as he spent 14 years waiting for a trial without any opportunity to be reevaluated on an annual basis and to petition the court for release."

Exhibit 1 to the Second Amended Complaint ('SAC'), P. 89.

These factual findings were made after testimony including that of the defense counsel involved, presentation of evidence, and substantial briefing.

These factual findings included those relating to moving party Whisenand; to wit, "The court at this time does not know what actions Whisenand took during his seven-year representation of peritonea, to prepare the matter for trial.  At the evidentiary hearing, Whisenand said that he had not obtained an expert and was waiting for petitioner to tell him that petitioner wanted to go to trial before he would even attempt to obtain an expert.  Whisenand also said that his appearances were pro forma, and that he was not asked by the court to justify his continuances he requested."  (SAC Exhibit 1, P. 86-87).  Furthermore at the time of the hearing, some 5 years ago, Whisenand had little recollection of his representation of the Plaintiff. (SAC Exhibit 1, P. 87, Lines 5-15)

While the trial court did not in its opinion expressly make factual findings

as to the actions of Defendant Aye, quite noticeably, the trial court found that the time that Plaintiff spent waiting for trial included that wherein Defendant Aye represented him; to wit, "The prejudice to petitioner has been severe, as he spent 14 years waiting for a trial, without the opportunity to be reevaluated on an annual basis and to petition the court for release".  (SAC Exhibit 1, P. 89)

The Moving Parties wish to convert this motion to a summary judgment.  In light of the factual findings of the trial court, made after a full hearing review of evidence and briefing, and the fact that the material submitted with the present motion cannot be judicially noticed by the Court, that request should be disregarded.

## 3.  THE ACTIONS OF THE DEFENDANTS DO NOT INVOLVE "TRADITIONAL" LEGAL SERVICES

The Supreme Court in Polk County v Dodson (1981) 454 U.S. 312 held that public defenders were not state actors when they were performing "a lawyer's traditional functions as counsel to an indigent defendant in a state criminal proceeding." In Polk, the legal activity involved a refusal to pursue an appeal that was legally frivolous.   But do a lawyer's " traditional functions" as counsel to an indigent defendant include an abject failure to adequately represent their client such as here where there was a fourteen or ten year period when the client "spent 14 years waiting for a trial, without the opportunity to be reevaluated on an annual

basis and to petition the court for release"?  (SAC, Exhibit 1, P. 89).  Research has

revealed that there is a paucity of authority, either binding or persuasive on the

issue of what activities constitute a lawyer's traditional functions.  <u>Polk</u> indicated

that a private public defender might be a state actor when performing investigative

or administrative functions.  This Court should consider that when the activities of

the attorney are so detrimental to a client's case because they do not comport with

a reasonableness standard and substantial harms the client, said actions should not

be considered within the ambit of 'traditional function' and the attorney deemed to

be a state actor.

**4.  THE PLAINTIFF HAS ADEQUATELY PLED THAT DEFENDANTS**

**PERFORMED INVESTIGATIVE FUNCTIONS**

The Second Amended Complaint sets forth allegations that the private

attorneys appointed to represent the Plaintiff had investigative functions; to wit,

that they "had responsibilities to conduct investigation and retain experts in order

to effectively represent Plaintiff during the course of the adjudication...".

(Paragraph 22).  It is further alleged in the First Cause of Action that "...they did

not conduct any substantial investigation or consult with experts...regardless of the

fact that they knew that a qualified and prepared expert was an essential part of the

SVP proceeding..."  (Paragraph 71).   These actions amongst others caused

damages. (Paragraph 72).

As this Court indicated in its order of February 28, 2023 (Dkt. 45), in <u>Polk County v Dodson</u> (1981) 454 <u>U.S.</u> 312, the Court held that a public defender does not act under color or state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding but held open the possibility that a public defender would act under color of state law while performing administrative and possibly investigative functions.  (Dkt. 45, P. 5-6).  The Plaintiff has pled that the individual defendants had responsibility to conduct investigation and retain experts, which was not done.  <u>Miranda v Clark County</u> (9th Cir.  2003) 319 <u>F.3d</u> 465 involved a public defender's office allocating resources to a capital case based on the results of a lie detector test as well as the assignment of inexperienced attorneys as counsel.  <u>Miranda</u> involved what are defined in the case as "administrative tasks".   In the present action, there are allegations that the individual defendants had responsibility to investigate and retain experts; the expert retention being the key defensive action because the SVP proceeding essentially came down to a "battle of the experts" as to whether the detainees was a "sexually violent predator".   Under the present alleged facts, this failure to investigate and retain experts was not just the result of one attorney's actions, it was a substantive deficiency that was present over the entire course of Plaintiff's proceeding.  Both Whisenand and Aye had the responsibility to investigate and hire experts that would aid in the presentation of the Plaintiff's

PLAINTIFF'S OPP. TO MOT. TO
DISMISS BY DEFENDANT WHISENSAND
AND AYE

case.

The trial court in its decision granting the Petition for habeas corpus points out in detail what Defendant Whisenand did or for that matter did not do in preparation of the case.  (SAC Exhibit 1, P. 85-87) While the trial court did not specifically identify Aye, it did state "Petitioner's counsel appeared to simply accede to some of petitioner's wishes, without doing anything demonstrable to investigate and prepare the matter for trial.  (SAC Exhibit 1, P. 89).  Under Polk, this would constitute state action.

**5.  THE DEFENDANTS ACTED IN JOINT PARTICIPATION WITH STATE OFFICIALS IN VIOLATING PLAINTIFF'S RIGHTS**

The allegations of the Second Amended Complaint set forth the denial of rights over a period of more than a decade was occasioned by the actions of two District Attorneys, twelve Assistant District Attorneys and eleven judicial officers. (Paragraphs 51-52).

The Supreme Court stated in Lugar v Edmondson Oil Co. (1982) 457 U.S. 922, 941-942:

"...we have consistently held that a private person's joint participation with state officials with state officials in the seizure of disputed property is sufficient to characterize that party as a "state actor" for the purposes of the Fourteenth Amendment..."

"The Court of Appeals erred in holding that in this context "joint participation' required something more than invoking the aid of state officials to take advantage of state-created attachment procedures.  That holding is contrary to the conclusions we have reached as to the applicability of due process standards to such procedures.  Whatever may be true in other contexts, this is sufficient when the State has created a system whereby state officials will attach property on the ex parte application of one party to a private dispute."

All that is required under <u>Lugar</u> is the joint action of a private and a 'state actor' to accomplish an unlawful goal.

Both the Superior Court and the Appellate Court in their opinions found that there was a joint effort by all Defendants which all contributed to the deprivations of petitioner's rights. (Second Amended Complaint, Paragraphs 77-78) Each of the Defendants was a necessary "cog in the machine" that resulted in the serial violations of the Plaintiff's constitutional rights.  The Defendant defense attorneys appeared without their client and asked for continuances, the attorneys from the District Attorney's office did not object or put up token opposition to the continuance requests and the judicial officers acquiesced.  There is joint action. The Defendants are state actors.

**6. CONCLUSION**

The Second Amended Complaint sets forth a "plausible claim" against both Defendants.  The allegations are sufficient to show that they are either private actors who acted in concert with the admittedly state actors to violate the Plaintiff's rights.  The allegations of the Second Amended Complaint are sufficient under both <u>Bell v Twombly</u> (2007) 550 <u>U.S.</u> 544 and <u>Iqbal v Ashcroft</u> (2009) 556 <u>U.S.</u> 662.  The Motion to Dismiss should be denied.

Date: 5.12.2023                    LAW OFFICES OF GREG W. GARROTTO

/s/Greg W. Garrotto
GREG W. GARROTTO