UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAY JOSEPH JONES,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:20-cv-00838-TLN-CKD<br><br><br><br>**ORDER** |

This matter is before the Court on Defendants County of Sacramento, Office of the Public Defender of County of Sacramento, Conflict Criminal Defendants, Steven Garrett ("Garrett"), Teresa Huff ("Huff"), Robert Saria ("Saria"), and Ken Rosenfeld's ("Rosenfeld") (collectively, "County Defendants") Motion to Dismiss. (ECF No. 53.)  Also before the Court is Defendants Alan Whisenand ("Whisenand") and Michael Aye's ("Aye") (together with County Defendants, "Defendants") Motion to Dismiss. (ECF No. 51.)  Both motions have been fully briefed.

For the reasons set forth below, the Court GRANTS in part and DENIES in part County Defendants' Motion to Dismiss (ECF No. 53) and GRANTS Whisenand and Aye's Motion to Dismiss (ECF No. 51).

///

///

///

### I. FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of the facts is not necessary for the disposition of Defendants' motions as the facts are fully set forth in the Court's prior order. (*See* ECF No. 45.) In short, Plaintiff was a pre-trial detainee who was detained for fourteen years pending a determination of whether he was a sexually violent predator under California law. (ECF No. 48 at 2, 24–27.) While detained, numerous appointed counsel — Whisenand, Aye, Saria, and Rosenfeld — represented Plaintiff and appeared in court on his behalf, frequently without his presence, and requested several continuances. (*Id.* at 9, 13–18.) Plaintiff alleges there were no legitimate reasons for the continuances and eventually filed a petition for a writ of habeas corpus in the Sacramento County Superior Court. (*Id.* at 2, 13–18.) That court granted Plaintiff's petition, finding Plaintiff's fourteen-year pre-trial detention violated his constitutional rights. (*Id.* at 2; ECF No. 48-1.)

In April 2020, Plaintiff commenced this action, seeking to recover from Defendants under 42 U.S.C. § 1983 ("§ 1983"). (ECF No. 1.) Defendants filed motions to dismiss the Complaint, which the Court granted on June 30, 2021. (ECF Nos. 24, 25, 33.) Shortly thereafter, Plaintiff filed his First Amended Complaint ("FAC"), which Defendants also moved to dismiss. (ECF Nos. 34, 36, 37.) The Court again granted Defendants' motions, finding Plaintiff failed to demonstrate: (1) Whisenand, Aye, Saria, and Rosenfeld acted under color of state law; (2) Garrett and Huff caused Plaintiff's alleged constitutional deprivation; and (3) a viable claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) ("*Monell*"). (ECF No. 45.)

On March 24, 2023, Plaintiff filed the operative Second Amended Complaint ("SAC") under § 1983, alleging: (1) Defendants were deliberately indifferent to Plaintiff's Sixth and Fourteenth Amendment rights; and (2) municipal liability under *Monell*. (ECF No. 48.) Defendants filed the instant motions to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), Plaintiff filed oppositions, and Defendants filed replies. (ECF Nos. 51, 53, 59–62.)

///

///

///

2

1       **II.     STANDARD OF LAW**

2              A motion to dismiss for failure to state a claim upon which relief can be granted under

3       Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th

4       Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim

5       showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556

6       U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the

7       defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic*

8       *v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified

9       notice pleading standard relies on liberal discovery rules and summary judgment motions to

10      define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema*

11      *N.A.*, 534 U.S. 506, 512 (2002).

12             On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

13      *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every

14      reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail*

15      *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege

16      "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

17      relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

18             Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

19      factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

20      While Rule 8(a) does not require detailed factual allegations, "it demands more than an

21      unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

22      pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

23      elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

24      ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

25      statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences

26      are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355

27      F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the

28      plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws

in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true allegations that contradict matters properly subject to judicial notice).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Defendants move to dismiss Plaintiff's first cause of action for deliberate indifference to his constitutional rights, and County Defendants move to dismiss Plaintiff's second cause of action under *Monell*.[1] (ECF Nos. 51-1, 53-1.) Defendants argue Plaintiff's first cause of action fails because, among other things, Defendants did not act under color of state law and Plaintiff has failed to allege facts sufficient to state a claim against Huff and Garrett. (ECF No. 51-1 at 10–25; ECF No. 53-1 at 7–9.) As to Plaintiff's second cause of action, County Defendants argue Plaintiff has failed to show a policy or custom caused the alleged constitutional violations. (ECF No. 53-1 at 9–11.) The Court addresses each cause of action in turn.

#### A. § 1983 Deliberate Indifference Claim

Plaintiff alleges Defendants were deliberately indifferent to his rights to due process and a speedy trial when they failed to timely bring his case to trial, and he seeks redress under § 1983. (ECF No. 48 at 25–33.)

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting *under color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Despite being employed by a public agency, defense counsel "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Andrich v. Phillis*, No. 21-16160, 2022 WL 4234959, at *1 (9th Cir. Sept. 14, 2022) (lawyer in private practice was not acting under color of law while he was appointed by the court to represent a criminal defendant). However, defense counsel may act

---

[1] Because the arguments in Defendants' motions substantially overlap, the Court addresses them together unless otherwise indicated.

5

under color of state law while performing certain administrative or investigative functions separate from the attorney-client relationship. *Dodson*, 454 U.S. at 325; *Miranda v. Clark Cnty., Nevada*, 319 F.3d 465, 469 (9th Cir. 2003) (en banc).

### 1. Whisenand, Aye, Saria, and Rosenfeld

Whisenand, Aye, Saria, and Rosenfeld contend they performed traditional lawyer functions in representing Plaintiff and therefore did not act under color of state law. (*See* ECF No. 51-1 at 10; ECF No. 53-1 at 7.) Plaintiff disagrees and argues Whisenand, Aye, Saria, and Rosenfeld acted under color of state law because they had the responsibility to conduct investigations and retain experts but failed to do so. (ECF No. 59 at 10–11; ECF No. 60 at 5–8.)

The Court agrees with Whisenand, Aye, Saria, and Rosenfeld and finds Plaintiff has failed to satisfy the under color of state law requirement of § 1983. It is well settled that public defenders and private court-appointed defense counsel do not act under color of state law when they perform traditional lawyer functions. *See, e.g.*, *Miranda*, 319 F.3d at 468; *Andrich v. Phillis*, 2022 WL 4234959, at *1; *Hernandez v. Off. of Pub. Advoc.*, 827 F. App'x 800, 801 (9th Cir. 2020). Plaintiff appears to concede this point but argues Whisenand, Aye, Saria, and Rosenfeld stepped outside of their roles as Plaintiff's attorneys and performed *investigative* functions, making them liable under § 1983. (ECF No. 59 at 10–11; ECF No. 60 at 5–8.) However, Plaintiff fails to allege Whisenand, Aye, Saria, and Rosenfeld performed any investigative functions. Instead, Plaintiff maintains Whisenand, Aye, Saria, and Rosenfeld had *duties* to investigate but failed to perform them. (ECF No. 59 at 10–11; ECF No. 60 at 5–8.) Plaintiff cites no authority to support his contention that the failure to perform an administrative or investigative duty act can satisfy the under color of state law requirement. Moreover, the source of the duties Plaintiff refers to stems from the attorney-client relationship between Plaintiff and Whisenand, Aye, Saria, and Rosenfeld. (ECF No. 59 at 10–11; ECF No. 60 at 5–8.) Thus, Whisenand, Aye, Saria, and Rosenfeld were acting as Plaintiff's criminal defense attorneys, not as agents of the State, and therefore cannot be held liable under § 1983. *See Miranda*, 319 F.3d at 468; *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982).

///

As a purported alternative basis for attaching liability under § 1983, Plaintiff contends Whisenand, Aye, Saria, and Rosenfeld are state actors because they acted in joint participation with state officials in violating Plaintiff's rights. (ECF No. 59 at 12–13; ECF No. 60 at 8–9.) While related concepts, the state action requirement is more demanding than the requirement of action under color of state law. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 n.18 (1982). In the instant case, Plaintiff has failed to even satisfy the lesser requirement. The Court's finding that Plaintiff has failed to satisfy the under color of state law requirement of § 1983 thus renders any state action analysis unnecessary. Therefore, the Court declines to address the parties' state action arguments.

The Court previously found inadequate Plaintiff's allegations that Whisenand, Aye, Saria, and Rosenfeld acted under color of state law. (*See* ECF Nos. 33, 45.) Plaintiff was given several opportunities to cure his pleading deficiencies, but the deficiencies remain. Accordingly, the Court hereby DISMISSES without leave to amend Plaintiff's § 1983 claim as to Whisenand, Aye, Saria, and Rosenfeld. *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1010 (9th Cir. 2008) ("[L]eave to amend will not be granted where an amendment would be futile."). Nothing in this Order should be construed to address the viability of any state tort law claim against Whisenand, Aye, Saria, and Rosenfeld or the quality of their representation of Plaintiff.

2. Huff and Garrett

As discussed above, defense counsel are immune from suit under § 1983 when performing traditional lawyer functions. However, liability may attach where an attorney is not acting under the ethical standards of the lawyer-client relationship and instead assumes an investigative or administrative role. *Dodson*, 454 U.S. at 325; *Miranda*, 319 F.3d at 469. Plaintiff alleges Huff and Garrett had the responsibility to ensure the quality of the representation of persons represented by their office and that cases would be brought to trial in a timely manner. (ECF No. 48 at 28.) Plaintiff alleges Huff and Garrett's failure to do so violated his rights to due process and a speedy trial. (*Id.* at 25–33.)

County Defendants contend Plaintiff's allegations are vague, conclusory, and otherwise fail to state a claim of deliberate indifference to his constitutional rights. (ECF No. 53-1 at 9.)

1    Plaintiff argues in his opposition that he adequately pled Huff and Garrett performed *investigative*

2    functions because they had duties to investigate but failed to perform them.² (ECF No. 59 at 10–

3    11.)  As already discussed, however, these allegations are insufficient.  Thus, Plaintiff has failed

4    to satisfy the under color of state law requirement.  *Cf. Miranda*, 319 F.3d at 469 (finding the

5    Plaintiff sufficiently alleged the head of the county public defender's office acted under color of

6    state law while performing *administrative* functions).

      Accordingly, the Court DISMISSES with leave to amend Plaintiff's § 1983 claim as to

7

8    Huff and Garrett.  Plaintiff will be given one final opportunity to cure the deficiencies and allege

9    Huff and/or Garrett acted under color of state law while performing administrative or

10   investigative functions.

11              B.     *Monell* Claim

12   Plaintiff's second cause of action is a *Monell* claim against County Defendants.³ (ECF

13   No. 48 at 33–36.)

14   Under *Monell*, "[a] government entity may not be held liable under 42 U.S.C. § 1983,

15   unless a policy, practice, or custom of the entity can be shown to be a moving force behind a

16   violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir.

17   2011) (citing *Monell*, 436 U.S. at 694).  "[A] policy is 'a deliberate choice to follow a course of

18   action … made from among various alternatives by the official or officials responsible for

19   establishing final policy with respect to the subject matter in question.'" *Oviatt By and Through*

20   *Waugh v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992) (quoting *Pembaur v. City of Cincinnati*,

21   475 U.S. 469, 483 (1986)).  "A 'custom' for purposes of municipal liability is a 'widespread

---

² Because Plaintiff does not argue in his opposition that Huff and Garrett performed administrative functions, the Court deems that argument abandoned. *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (plaintiff abandoned claim by not raising it in opposition to motion).

³ Although Plaintiff's *Monell* claim is only against the entity Defendants, the Court refers to the County Defendants collectively.  Moreover, it is unimportant that all claims against the individual officers have been dismissed because "municipal defendants may be liable under § 1983 even in situations in which no individual officer is held liable for violating a plaintiff's constitutional rights." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 604 (9th Cir. 2019).

1   practice that, although not authorized by written law or express municipal policy, is so permanent
2   and well-settled as to constitute a custom or usage with the force of law.'" *Young v. City of*
3   *Visalia*, 687 F. Supp. 2d 1141, 1147 (E.D. Cal. 2009) (quoting *City of St. Louis v. Praprotnik*, 485
4   U.S. 112, 127 (1988)). "Liability for improper custom may not be predicated on isolated or
5   sporadic incidents; it must be founded upon practices of sufficient duration, frequency and
6   consistency that the conduct has become a traditional method of carrying out policy." *Trevino v.*
7   *Gates*, 99 F.3d 911, 918 (9th Cir. 1996), *holding modified by Navarro v. Block*, 250 F.3d 729 (9th
8   Cir. 2001). After establishing one of the methods of liability, "a plaintiff must also show that the
9   circumstance was (1) the cause in fact and (2) the proximate cause of the constitutional
10  deprivation." *Id.*

11  County Defendants argue Plaintiff's *Monell* claim fails because Plaintiff has not provided
12  "any evidence of any coherent administrative policy that caused [P]laintiff's alleged
13  constitutional violations" and his allegations are vague and conclusory. (ECF No. 53-1 at 10–11.)
14  County Defendants further contend "the incidents [P]laintiff alleges in his SAC are isolated in
15  nature and specific to his case." (*Id.* at 11.) In other words, County Defendants argue several
16  incidents over an extended period in one matter are insufficient to constitute a custom, policy, or
17  practice. (*See id.*) In opposition, Plaintiff contends he has sufficiently alleged County
18  Defendants had a policy, custom, or practice of failing to supervise his case and bringing it to
19  trial, and it is immaterial that these violations only occurred in his case. (ECF No. 59 at 13–18.)

20  The Court agrees with Plaintiff. At the motion to dismiss stage, Plaintiff is not required to
21  produce *evidence* of County Defendants' alleged policy, custom, or practice. Plaintiff is only
22  required to allege sufficient factual matter that permits the Court to draw the reasonable inference
23  that County Defendants had a custom, policy, or practice that was the moving force behind the
24  constitutional violations Plaintiff complains of. *Iqbal*, 556 U.S. at 678; *Dougherty*, 654 F.3d at
25  900. In the instant case, Plaintiff alleges County Defendants had a "kick the can down the road"
26  policy, custom, or practice over the course of fourteen years that deprived him of his
27  constitutional rights to due process and a speedy trial. (ECF No. 48 at 22–25, 33–36.)
28  Furthermore, the Ninth Circuit has left open the possibility that a custom can be inferred from a

pattern of behavior toward a single individual. *Oyenik v. Corizon Health Inc.*, 696 F. App'x 792, 794 (9th Cir. 2017) ("There is no case law indicating that a custom cannot be inferred from a pattern of behavior toward a single individual, and a reasonable jury may conclude that such delay tactics amount to a Corizon custom or practice of deliberate indifference to prisoners' serious medical needs.")

Accordingly, the Court DENIES County Defendants' motion to dismiss Plaintiff's *Monell* claim.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part County Defendants' Motion to Dismiss (ECF No. 53) as follows:

1. The Court GRANTS County Defendants' motion to dismiss Plaintiff's § 1983 claim without leave to amend as to Saria and Rosenfeld;
2. The Court GRANTS County Defendants' motion to dismiss Plaintiff's § 1983 claim with leave to amend as to Huff and Garrett; and
3. The Court DENIES County Defendants' motion to dismiss Plaintiff's *Monell* claim.

The Court further GRANTS Whisenand and Aye's Motion to Dismiss and DISMISSES Plaintiff's § 1983 claim without leave to amend as to Whisenand and Aye. (ECF No. 51.) Any amended complaint shall be filed and served not later than thirty (30) days from the electronic filing date of this Order. Defendants shall file any responsive pleading not later than twenty-one (21) days from the filing and service of any amended complaint. If Plaintiff declines to file an amended complaint, this matter will proceed on Plaintiff's *Monell* claim, and County Defendants shall file an answer not later than twenty-one (21) days from Plaintiff's deadline for filing an amended complaint.

IT IS SO ORDERED.

Date: March 25, 2024

Troy L. Nunley
United States District Judge